RECEIVED
IN ALEXANDRIA, LA

APR 2 0 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

UNITED STATES

VERSUS

ROBERT FRANKLIN BRUCE

DOCKET NO. 98-cr-10005

JUDGE DEE D. DRELL
MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a motion to vacate, set aside or correct sentence ("motion") filed on December 17, 2008, pursuant to 28 U.S.C. §2255 by petitioner, Robert Franklin Bruce ("Bruce") (Doc. Item 78). Bruce is contesting the sentence and judgment entered pursuant to his guilty plea entered on June 15, 1998 in the United States District Court in the Western District of Louisiana, Alexandria Division on one count of concealment of assets, false oaths and claims pursuant to 18 U.S.C. §152(2). Count two, a single count of frauds and swindles pursuant to 18 U.S.C. §1341, was dismissed pursuant to the plea agreement. Bruce was sentenced to one year and one day in the custody of the Bureau of Prisons("BOP"). Bruce reported to BOP on or about October 9, 1998 and was released on August 16, 1999.

### RULE 8(a) Resolution

The court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the

claims of the petitioner, and the court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d 999, 1008 (5th Cir. 1989), 28 U.S.C. §2255, Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## Law and Analysis

There are four grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or, (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. §2255; United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992), cert. denied 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992). The scope of relief under Section 2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

In the instant case, Bruce filed a motion seeking to vacate, set aside or correct his sentence arguing that he was not represented by counsel and/or suffered from a mental defect which prevented him from understanding the consequences of entering a guilty plea.

A prisoner incarcerated by order of a federal court has one year to file a motion to vacate, set aside or correct sentence

2

under 28 U.S.C. §2255. Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or,
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Fifth Circuit Court of Appeals dismissed Bruce's initial attempt to appeal his conviction on January 28, 1999 for want of prosecution. On April 18, 2001, Bruce filed a notice of appeal which he captioned as an application for certiorari. The Fifth Circuit sought guidance from the district court as to whether the notice of appeal was timely, and if not, whether the failure to file was a result of either excusable neglect or good cause. However, neither excusable neglect nor good cause was found. Therefore, the Fifth Circuit dismissed Bruce's second attempt to appeal on February 6, 2002.

The Fifth Circuit has determined in cases where the criminal

3

defendant timely sought direct appeal that "the conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where...the appellant has not actually filed such a petition." United States v. Gamble, 208 F.3d 536 (5th Cir. 2000). Thus, Bruce would then have had ninety (90) days from the date the Fifth Circuit dismissed his appeal within which to file for writs of certiorari to the Supreme Court.

Bruce was sentenced and judgment was entered on September 9, 1998 (Doc. Items 32, 34). Under Rule 4(b)(1)(A)(I) of Appellate Procedure, Bruce had ten (10) days from the entry of judgment to file his notice of appeal and he met this deadline having filed his notice of appeal on September 15, 1998. The Fifth Circuit issued its decision on January 28, 1999 and Bruce had until April 27, 1999 to file his writ of certiorari. Though Bruce failed to file a timely write of certiorari, he had a year from April 27, 1999 within which to file his 2255 motion to vacate, set aside or correct sentence. However, such a motion was not filed until December 17, 2008. Therefore, his motion is barred by the one year statute of limitations and should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Bruce's motion to vacate, set aside or correct sentence be DISMISSED with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this ____ day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE